SVK

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Anderson, ) | No. CV 06-1399-PHX-DGC (JJM) |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Joseph Arpaio, ) | |
| Defendant. ) | |

Plaintiff, currently confined in the Lower Buckeye Jail, Phoenix, Arizona, has filed a *pro se* Complaint pursuant to § 1983. This is one of more than one thousand (1,000) civil rights actions filed since September 2004 by Maricopa County Jail inmates.[1] The Court will order Defendant Arpaio to answer Counts I, II, and III of the Complaint.

**A.      Application to Proceed In Forma Pauperis & Filing Fee.**

Plaintiff's request to proceed *in forma pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00 and is assessed a $12.00 initial partial

---

[1] Many inmates apparently believe that they will receive an immediate payout from a fund established in Hart v. Hill, No. CV 77-0479-PHX-EHC (MS) (D. Ariz.). No such fund exists. The inmates in Hart asked for injunctive relief and not monetary damages. The Court at this time expresses no opinion on whether Plaintiff's lawsuit may result in an award of damages.

**TERMPSREF**

filing fee. The remainder of the fee will be collected monthly in payments of 20 % of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect the fees according to the statutory formula.

**B.     Statutory Screening of Prisoner Complaints.**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the Plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

**C.     Complaint.**

Plaintiff names Joseph Arpaio as the Defendant.

Plaintiff alleges three Counts: (1) his Eighth and Fourteenth Amendment rights and Hart v. Hill are violated by overcrowding; (2) his Eighth and Fourteenth Amendment rights and Hart v. Hill are violated by overcrowding and, during the booking time from Madison Street Jail to a housing unit (72-96 hours), detainees do not receive blankets and are made to sleep on the floor, which is covered in vomit, urine and other bodily fluids; and (3) his Eighth and Fourteenth Amendment rights and Hart v. Hill are violated because detainees are fed meals of spoiled and undercooked food.

For relief, Plaintiff requests damages, inspection of the jails, and sanctions against Defendant.

The allegations in Counts I, II, and III adequately state claims against Defendant Arpaio, and the Court will order Defendant Arpaio to answer Counts I, II, and III.

**D.     Failure to State a Claim.**

No Right to Monetary Damages under Hart v. Hill, CV 77-0479-PHX-EHC (MS)

With respect to any claim for monetary damages, Hart v. Hill provides no independent cause of action. Although the class action does not foreclose an individual complaint for

damages, see Hiser v. Franklin, 94 F.3d 1287 (9th Cir.1996), Plaintiff must demonstrate some right of action and legal entitlement to the monetary damages he seeks. In order to state a claim under § 1983, Plaintiff must allege a cognizable constitutional claim.

**E.    Warnings**.

1. Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal.

2. Address Changes

Plaintiff must file and serve a notice of a change of address 10 days before the move is effective, if practicable. See Local Rule of Civil Procedure (LRCiv) 83.3(d). Plaintiff shall not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal.

3. Copies

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must be accompanied by a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. LRCiv 5.4. The Court may strike any filing that fails to comply with these requirements.

4. Possible dismissal

Plaintiff is warned that failure to timely comply with every provision of this Order, including these warnings, may result in dismissal of this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis*, filed with the Complaint, is **GRANTED**.

TERMPSREF

- 3 -

(2)  As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed a $12.00 initial partial filing fee.

(3) Defendant Arpaio is required to answer Counts I, II, and III.

(4) The Clerk of Court shall send Plaintiff a service packet including the Complaint (Dkt.#1), this Order, and both summons and request for waiver forms for Defendant Arpaio.

(5) Plaintiff shall complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order.  The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(6) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on the Defendant within 120 days of the filing of the complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to Defendant not served pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and Local Rule of Civil Procedure 16.2(b)(2)(B)(i).

(7)  The United States Marshal shall retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(8) The United States Marshal shall notify Defendant of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure**.**  The notice to Defendants shall include a copy of this Order.  The Marshal shall file waivers of service of the summons or requests for waivers that were returned as undeliverable as soon as they are received.  If a waiver of service of summons is not returned by  Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal shall:

> (a)  Personally serve copies of the Summons, Complaint, and this Order upon the Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure;
>
> (b)  Within 10 days after personal service is effected, file the return of service for the Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon the Defendant.  The costs of service shall be enumerated on the return of service form

(USM-285) and shall include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served defendant pursuant to Rule 4(d)(2) and (5) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(9) **A Defendant who agrees to waive service of the Summons and Complaint shall return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(10) Defendant shall answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(11) This matter is referred to Magistrate Jacqueline J. Marshal pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings.

DATED this 20th day of June, 2006.

*David G. Campbell*
David G. Campbell
United States District Judge